UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61596-RAR

**PINEWOOD CONDOMINIUM APARTMENTS, INC.**,

    Plaintiff/Counter-Defendant,

v.

**SCOTTSDALE INSURANCE COMPANY**,

    Defendant/Counter-Plaintiff.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss's Report and Recommendation [ECF No. 61] ("Report"), entered on July 15, 2022. The Report recommends that the Court Grant Defendant Scottsdale Insurance Company's Motion for Summary Judgment as to Its First, Fifth, and Seventh Affirmative Defenses and Counterclaim ("Defendant's Motion"), [ECF No. 50], and Deny Plaintiff's Motion for Partial Summary Judgment as to Defendant's First, Fifth, and Seventh Affirmative Defenses and Counterclaim ("Plaintiff's Motion") [ECF No. 44]. Plaintiff filed objections to the Report on July 28, 2022 [ECF No. 63] ("Objections").

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiff timely filed Objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Strauss's legal and factual findings.

In its Objections, Plaintiff claims that the Report "improperly limits the policy coverage to $5,000 when the tear out/access coverage is triggered based on case law and prior policy interpretation by this Court." Objections at 1. No such policy interpretation was issued by this

Court—nor does the policy language or case law support such a reading. During a March 29, 2022 hearing on a motion for judgment on the pleadings, the Court conveyed skepticism that the pleadings *alone* indicated Plaintiff's coverage on this specific claim was limited to $5,000. *See generally* [ECF No. 60]. As the Magistrate Judge points out in the Report, "not all of the facts of the case were reflected in the record at the time of that hearing, which concerned a motion that was confined to the pleadings. Now, however, all of the material facts are both known and undisputed." Report at 6.

Having reviewed the undisputed material facts, the Court agrees with the Magistrate Judge that the Water Extension contained within the policy does not delete Section B.1.g.(3), the Water Exclusion, for purposes of any provision in the Policy other than the Water Extension. Report at 11. Finding coverage to exist under the F2 Tear Out Provision as a result of the Water Extension, as Plaintiff advocates for in its Objection, would ignore and render meaningless material terms of the contract. *Id*. Thus, the Court's *de novo* review supports the Magistrate Judge's finding that Plaintiff's tear out/access coverage is limited to $5,000.

Having carefully reviewed the Complaint, [ECF No. 1-2], Defendant's Motion, Plaintiff's Motion, the Report, the Objections, the factual record, the applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 61] is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion for Summary Judgment as to Its First, Fifth, and Seventh Affirmative Defenses and Counterclaim is **GRANTED**.

3. Plaintiff's Motion for Partial Summary Judgment as to Defendant's First, Fifth, and Seventh Affirmative Defenses and Counterclaim is **DENIED**.

4. A final judgment in the amount of $99,764.72 will be entered via separate order pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 2nd day of August, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**